This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Mathew E. Jones has appealed from a judgment of the Summit County Court of Common Pleas that affirmed a decision of the Board of Trustees of Twinsburg Township (the "Board"). The Board had determined that Appellant's home was a nuisance and in deplorable condition, and ordered the structure to be torn down. This Court affirms.
 I
On July 7, 2000, Appellant was given notice of a zoning violation for having several junk vehicles on his property located at 1967 Cambridge St. Twinsburg, Ohio. Over a month later, after the vehicles had not been removed and other debris remained on the property, Appellant was given final notice of the zoning violation. The final notice warned Appellant that if he did not bring his property in compliance with the Twinsburg Township Zoning Code the township would take legal action.
After conducting an exterior inspection of Appellant's house and property, the Fire Prevention Officer for Twinsburg Township issued a violation notice to Appellant. The September 7, 2000 violation notice informed Appellant that he was violating the Ohio Fire Code, specifically Sections FM 105.[1](A 1, 2, and 6), FM 105.2, and FM 105.2.1. See Ohio Adm. Code 1301:7-1-05. The notice stated that the structure on 1967 Cambridge St. "has been deemed a DANGEROUS and HAZARDOUS CONDITION which is liable to cause or contribute to the spread of fire in or on said premises." Appellant was ordered to repair or eliminate the violative conditions.
On October 28, 2000, Appellant received and signed a certified letter from the Board. The letter informed Appellant that his house on 1967 Cambridge St. was declared to be insecure, unsafe, and structurally defective. Appellant was ordered to remove, repair, or secure his house. With no improvements made to the house or property, Appellant received a notice of a public hearing, at which he was required to show cause as to why the township "should not proceed to enter upon the property to remove the offending items and clean up the premises, and demolish and remove the offending structures[.]" The hearing notice was also published in the Cleveland Plain Dealer, the Twinsburg Bulletin, and the Sun Newspapers. On December 28, 2000, Appellant received a second notice of the hearing.
The public hearing was held on January 10, 2001. After hearing testimony from the Community Zoning Inspector for Twinsburg Township, the Chief Building Official for the Summit County Department of Building Standards, the Fire Prevention Officer for Twinsburg Township, and a zoning inspector, the Board passed a resolution holding that Appellant's house constitutes a nuisance and should be torn down. On November 13, 2001, the common pleas court affirmed the Board's decision and found "that the evidence supports a finding that Appellant was informed of the violations and given proper notice." The common pleas court also determined that "the Board gave consideration to a request by Appellant for additional time to remedy the violations, but due to Appellant's prior failures to correct the violations, the Board determined that the subject building be demolished. The Court does not find such decision to be unlawful, unreasonable, or against the manifest weight of the evidence." Appellant has timely appealed the judgment of the common pleas court, asserting one assignment of error.
 II Assignment of Error
"THE DECISION OF THE COURT OF COMMON PLEAS IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In his sole assignment of error, Appellant has asserted that the trial court erred in affirming the decision of the Board because no evidence was presented that his house is insecure, unsafe, or structurally defective.
Appellant's administrative appeal to the common pleas court from the Board's decision is governed by R.C. 2506.01 et seq. See R.C. 2506.01. When reviewing the decision pursuant to R.C. 2506.04, the common pleas court "considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Henley v. YoungstownBd. of Zoning Appeals (2000), 90 Ohio St.3d 142, 147. Pursuant to R.C.2506.04, the common pleas court may "affirm, reverse, vacate, or modify the order * * * or remand the cause to the officer or body appealed from with instructions to enter an order * * * consistent with the findings or opinion of the court."
"The standard of review to be applied by the court of appeals in an [sic] R.C. 2506.04 appeal is `more limited in scope.' [R.C. 2506.04] grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable, and probative evidence,' as is granted to the common pleas court. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." (Citations and quotations omitted) Henley, 90 Ohio St.3d at 147.
Therefore, when reviewing an order of the court of common pleas which determined an appeal from an administrative agency based upon the manifest weight of the evidence, this court's scope of review is limited to whether the common pleas court abused its discretion. See Russel v.Akron Dept. of Public Health, Hous. Appeals Dept. (2001),142 Ohio App.3d 430, 432. An abuse of discretion is more than an error of judgment but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
The record before the common pleas court, and this Court, includes the various violation notices Appellant received and the testimony of the Community Zoning Inspector, the Chief Building Official for the Summit County Department of Building Standards, the Fire Prevention Officer for Twinsburg Township, and the zoning inspector. Appellant's statements and those of his lawyer are also in the record.
The Community Zoning Inspector, Alice Kanieski, testified that Appellant's house has no soffit or fascia boards on the roof. Kanieski testified that "the roof is just sitting on the house without too much to hold it down," and that the house did not have any gutters. She stated that holes in the front of the foundation could be seen from the exterior of the house and that the eaves of the house do not have any foundations. Kanieski also testified that the yards surrounding the house are full of litter and debris, including car parts, propane tanks, wood, oil, refrigerator parts, junk vehicles, tires, parts of lawn mowers, and aluminum. Kanieski confirmed that Appellant signed the certified letter informing him that to abate a nuisance he had to remove, repair, or secure the structure on his property. She reported that she has seen no effort to improve the house, but that Appellant did remove some of the debris and a couple of the cars.
The Chief Building Official for the Summit County Department of Building Standards, Robert Miller, testified that when he inspected the exterior of the property he observed a weak roof, with some open portions, and holes in the crawl space going to the basement, which are indicators of structural unsoundness. Miller testified that he deemed the house unfit for human habitation. He also testified that upon his most recent inspection the problems with the structure had not been resolved.
The Fire Prevention Officer for Twinsburg Township, Michael Odum, testified that the fire code violations were a result of propane and oxygen tanks in the yard, a junk vehicle parked within a foot of the house, exposed interior wires, and an interior extension cord hanging out of a window. Odum testified that after viewing the exterior of the house he found the house to be dangerous to Appellant, his family, neighbors, and emergency workers, such as firemen, police officers, or medical personnel.
The common pleas court was also able to review Appellant's reasons for his inaction in improving his property and Appellant's lawyer's statements to the Board. After stipulating that the property is condemned and that Appellant received proper notice of the hearing and the problems with the property, Appellant's lawyer asked the Board for an extension of time on the demolition. She asserted that the extension was necessary because a group of volunteers were going to rebuild the house for Appellant, but they could not start until the spring.
Upon a review of the record, this Court finds that the common pleas court did not abuse its discretion in finding that "the Board's Decision [that Appellant's house should be torn down] was based upon a preponderance of reliable, substantial, and probative evidence." Accordingly, Appellant's sole assignment of error is overruled.
 III
Appellant's sole assignment of error is overruled. The judgment of the court of common pleas is affirmed.
CARR, P.J., BATCHELDER, J. CONCUR